**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**MISIPATI LI'A, Defendant**

High Court of American Samoa
Trial Division

CR No. 67-89

July 23, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, John W. Cassell
For Defendant, Charles V. Ala'ilima

On Motion to Modify Probation:

The defendant entered a guilty plea to the charge of Sexual Abuse in the First Degree, a class D felony. He was sentenced to five years of imprisonment. Execution of the five-year sentence was suspended on several conditions, including the condition that defendant serve twenty months of incarceration in the Correctional Facility with no release except for medical emergencies.

At the time sentence was pronounced, the Court announced that it would entertain a motion to modify the incarceration provision at any time after the defendant had served six months in the Correctional Facility. The Court announced that among its principal concerns about any such modification was to guarantee some distance between the defendant and his young victim.

23

Defendant now moves for modification of the sentence so as to terminate incarceration immediately. According to his moving papers, he intends to live in the same household as the victim. In his oral argument in support of this motion, defendant's counsel suggested that defendant would live not with the victim's family but in a nearby village. Neither of these arrangements would meet the Court's concerns about proximity to the victim. Even in the absence of these concerns, there appear to be no compelling reasons for defendant's early release from incarceration.

In the alternative, defendant requests that the conditions of his probationary detention be modified so that he can be allowed "work release." He proposes to work at a radio repair shop in Pago Pago. At present we have insufficient evidence for such a modification. Such evidence, should the defendant wish to renew his request for work release, should include the testimony or affidavit of the proposed employer setting forth the terms of employment; the testimony or affidavit of the Warden of the Correctional Facility indicating whether the defendant is, in his judgment, a good candidate for work release; and testimony of the Child Protection officials who have been counseling the victim and her family.

Accordingly, the motion is denied.